```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ARMANDO MARTINEZ, DIEGO FABIAN COCHA  :
GAONA, GABRIEL GARCIA, JERONIMO RIVERA, :
and LUIS ALBERTO BOTZOTZ QUINO, individu- :
ally and on behalf of others similarly situated, :
                                          :
                Plaintiffs,               :
                                          :
        v.                                :
                                          :
SJG FOODS LLC (d/b/a BENARES) (f/k/a BALU- :
CHI'S), TRIBECA RESTAURANT LLC (d/b/a     :
BENARES), (f/k/a BALUCHI'S) RAKESH AG-    :
GARWAL, INDER SINGH, GURVINDER SAHNI,     :
RANJIT SINGH, YOGEETA SAHNI, and SUKHDEV  :
SINGH,                                    :
                                          :
                Defendants.               :
------------------------------------------------------------------- X
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/16/2017

16-CV-7890 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs bring this action against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement. For the reasons set forth below, the Court declines to approve the proposed settlement agreement at this time.

**LEGAL STANDARD**

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v.*

*Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014))). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

## DISCUSSION

The Court addresses three aspects of the proposed settlement agreement: (1) the release provision, (2) the confidentiality provision, and (3) the attorneys' fees provision. The proposed agreement in its current form must be rejected for the reasons discussed below.

### 1. Release

The Court will not approve the sweeping "release" provision in the proposed settlement agreement. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*,

2

No. 16-CV-1795 (PAE), 2016 WL 7177510, at *1 (S.D.N.Y. Dec. 8, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The release provision in this agreement is too broad to survive judicial scrutiny. It begins by requiring Plaintiffs to "unconditionally release and forever discharge" Defendants and any related entities "of all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected . . . which each Plaintiff at any time has, had or claimed to have against Defendants relating to their employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement." *See* Agreement ¶ 3, Dkt. 21. It then provides a lengthy but non-exhaustive list of statutes and claims barred by the release—ranging from Title VII of the Civil Rights Act of 1964 to defamation at common law. *See id.* This provision is overbroad: it requires Plaintiffs to waive virtually any claim, of any type against Defendants or any possibly related entity as long as it "relat[es] to their employment with Defendants" and has "occurred as of the Effective Date of this Agreement," a date which is undefined in the Agreement. This provision does not meet the standards established for approval by courts in this District. *See,*

3

*e.g.*, *Lazaro-Garcia*, 2015 WL 9162701, at *2 (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair and reasonable).

It is true that the general release in this agreement is mutual. Some courts in this District have approved release provisions on the basis of their mutuality. *See, e.g.*, *Cionca*, 2016 WL 3440554, at *4 (approving mutual general release); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (same). In the Court's view, however, "[t]he fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 2016 WL 7177510, at *2; *see also, e.g.*, *Flores-Mendieta v. Bitefood Ltd.*, 15-CV-4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. April, 21, 2016) (rejecting a mutual release provision and finding that the Court "cannot 'countenance employers using FLSA settlements to erase all liability whatsoever in exchange for . . . payment of wages allegedly required by statute.'" (alteration in original) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181)). As Judge Engelmayer explained in *Gurung*, "despite the formal reciprocity of such releases, their practical effect in some cases may be lopsided because they may stand to benefit only the employer defendant, who realistically may be less likely than the employee plaintiff to have latent claims against its adversary." *Gurung*, 2016 WL 7177510, at *2. Here, the parties have provided no basis for finding that this release provision provides Plaintiffs any comparable benefit; indeed, whereas the agreement provides a long list of the claims an employee may assert against her employer, it provides no illustration of a claim that the employer may assert against the employee. Thus, the Court cannot approve this general release provision, notwithstanding its mutuality.

4

## 2. Confidentiality

The Court also rejects the proposed agreement's confidentiality provision. "Both before and after the Second Circuit's decision *in Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), courts in this Circuit have routinely found confidentiality provisions in FLSA settlements against public policy." *Martinez*, 2016 WL 206474, at *1 (collecting cases). "[A] non-disclosure agreement in an FLSA settlement, even when the settlement papers are public[ly] available on the Court's docket, is 'contrary to well-established public policy' because it inhibits one of the FLSA's primary goals—to ensure 'that all workers are aware of their rights.'" *Camacho*, 2015 WL 129723, at *2 (quoting *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (WHP), 2014 WL 4953746, at *1 (S.D.N.Y. Sep. 26, 2014)).

The confidentiality provision in this agreement prohibits the parties from disclosing "directly or indirectly, any claims asserted in the lawsuit or any claims of unlawful conduct by Defendants, or any of the terms or conditions of the Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), including the Settlement Amount." Agreement ¶ 4. This provision, like the release provision, is overbroad: Plaintiffs may not disclose even the existence of a settlement—let alone the settlement terms or amounts—"except as necessary to accountants, spouses, tax preparer, and attorneys," and only if "he or she informs those entities and/or individuals of this provision requiring confidentiality and that they agree to be bound by its terms." *See id.* Moreover, the parties' insistence on the confidentiality of this agreement is "difficult to comprehend here, as this information has already been disclosed . . . on the public record through ECF filings." *Hyun*, 2016 WL 1222347, at *3. In light of the "well-settled principle that 'confidentiality provisions in FLSA settlements are contrary to public

5

policy,'" the Court will not approve this provision of the proposed agreement. *Id.* (alteration omitted) (quoting *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)).

### 3. Attorneys' Fees

Plaintiffs' counsel seeks the Court's approval of $66,000 in attorneys' fees and costs, arguing that such an award is fair and reasonable. As they did not, however, submit contemporaneous billing records documenting, for each attorney, the hours expended and the nature of the work done, the Court does not have sufficient information to determine if the requested fee amount is fair and reasonable.

## CONCLUSION

The Court therefore declines to approve the parties' settlement agreement at this time. The parties may proceed in one of the following three ways by May 23, 2017:

1. The parties may file a revised settlement agreement that does not include (a) a release provision that extends beyond the claims at issue in this action or (b) this confidentiality provision, and (c) Plaintiffs may submit contemporaneous billing records in support of the request for attorneys' fees;

2. The parties may file a joint letter indicating their intention to abandon the settlement agreement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this action *without* prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: May 16, 2017
New York, New York

_____
Ronnie Abrams
United States District Judge