USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/16/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARMANDO MARTINEZ, DIEGO FABIAN COCHA GAONA, GABRIEL GARCIA, JERONIMO RIVERA, and LUIS ALBERTO BOTZOTZ QUINO, individually and on behalf of others similarly situated,

Plaintiffs,

v.

SJG FOODS LLC (d/b/a BENARES) (f/k/a BALUCHI'S), TRIBECA RESTAURANT LLC (d/b/a BENARES), (f/k/a BALUCHI'S) RAKESH AGGARWAL, INDER SINGH, GURVINDER SAHNI, RANJIT SINGH, YOGEETA SAHNI, and SUKHDEV SINGH,

Defendants.

No. 16-CV-7890 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Armando Martinez, Diego Fabian Cocha Gaona, Gabriel Garcia, Jeronimo Rivera, and Luis Alberto Botzotz Quino brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York Labor Law ("NYLL") to recover unpaid wages and overtime pay from Defendants, and to redress other alleged violations. On April 20, 2017, the parties jointly moved, pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), for judicial approval of a proposed settlement agreement. Dkt. 21. On May 16, 2017, this Court declined to approve the proposed settlement because of overly broad release and confidentiality provisions and a lack of sufficient information concerning attorneys' fees. Dkt. 22. On August 25, 2017, the parties jointly moved for judicial approval of a revised settlement agreement ("the Agreement"). Dkt. 27.

The Agreement provides for a total payment by Defendants to Plaintiffs and their counsel of $200,000 and for this action to be dismissed with prejudice. Dkt. 27-1, at 2. Plaintiffs' counsel are to receive $66,000 of the total payment. Dkt. 27, at 1. The Agreement narrows the release-of-claims provision to those claims asserted in the Complaint and removes references to confidentiality. *See* Dkt. 27-1. The Agreement also provides sufficient billing records for the Court to evaluate the fairness of the fees requested. *See* Dkt. 27-2.

## DISCUSSION

### I. The Agreement

"[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks,* 796 F.3d at 206. "[T]he parties must satisfy the Court that their agreement is 'fair and reasonable.'" *Santos v. Yellowstone Props., Inc.,* No. 15-CV-3986 (PAE), 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting *Velasquez v. SAFl-G, Inc.,* 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Pavon v. Daniel's Bagel Corp.,* No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016) (quoting *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

To evaluate whether a proposed settlement meets this threshold, the Court should consider a wide range of factors, including the plaintiffs' range of possible recovery, the avoidance of the burdens and expenses of litigation, and, among others, whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.,*

No. 10-CV-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The Court should also consider factors that "weigh against" concluding a settlement is fair and reasonable, such as the presence of other similarly situated employees and "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region." *Id.* at 336 (internal quotations omitted).

After considering such factors, the Court concludes that the Agreement is a fair and reasonable settlement of Plaintiffs' claims, and one that adequately responds to this Court's concerns with the initial proposed settlement.

## II.    Attorneys' Fees

In FLSA actions, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The NYLL also entitles a prevailing plaintiff to recover reasonable attorneys' fees and costs. *See* NYLL §§ 198(1-a), 663(1).

"The Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Beckert v. Rubinov,* No. 15-CV-1951 (PAE), 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting *Lliguichuzcha,* 948 F. Supp. 2d at 366). "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund.'" *Lopez v. Ploy Dee, Inc.,* No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (quoting *Thornhill v. CVS Pharmacy, Inc.,* No. 13-CV-5507 (IMF), 2014 WL 1100135, at *2 & n. 1 (S.D.N.Y. Mar. 20, 2014)). In determining a reasonable award of attorneys' fees, a court should also consider "traditional criteria" such as "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the

litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000) (internal quotations omitted).

Applying the "percentage of the fund" approach in this case, and considering all the "traditional criteria," the Court concludes that the attorneys' fees sought in the Agreement are reasonable. Plaintiffs' counsel seek one-third of the total award of $200,000. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.,* No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). Even one-third awards, however, can be "simply too great" in relation to the work performed. *Larrea v. FPC Coffees Realty Co., Inc.,* No. 15-CV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve an 11.4 multiplier of the lodestar). But given the swift resolution of this case and the Court's desire to avoid "creat[ing] a disincentive to early settlement," *Hyun v. Ippudo USA Holdings et al.,* No. 14-CV-8706 (AJN), WL 2016 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010), the requested fees are reasonable. The Court thus approves the proposed attorneys' fees.

## CONCLUSION

The Court approves the Agreement in its entirety. This action is hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 16, 2017
        New York, New York

Ronnie Abrams
United States District Judge

4